# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

DALE F. MAISANO, )
)
       Plaintiff, )
)
v. ) Civil Action No. 16-2279 (UNA)
)
UNITED STATES ATTORNEY GENERAL, *et al.*,)
)
       Defendants. )

## **MEMORANDUM OPINION**

Pursuant to the Prison Litigation Reform Act ("PLRA"), *in forma pauperis* status does not relieve a prisoner plaintiff of his obligation to pay the filing fee in full. *Asemani v. U.S. Citizenship & Immigration Servs.*, 797 F.3d 1069, 1072 (D.C. Cir. 2015). Rather than "pay the full filing fee at the time he brings suit . . . he can pay the filing fee in installments over time." *Id.* (citations omitted). However, certain prisoners cannot qualify for *in forma pauperis* status under the PLRA's "three strikes" rule:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

*Id.* (quoting 28 U.S.C. § 1915(g)).

"Plaintiff Dale Maisano . . . has abused the legal process egregiously and often." *Maisano v. Arpaio*, No. 2:14-CV-1881, 2014 WL 4386678, at *1 (D. Ariz. Sept. 5, 2014). He not only has accumulated three strikes, but also has earned two restraining orders which, among other things, enjoin him from filing any civil action in the United States District Court for the District of Arizona, or any other federal court, without first obtaining leave of court. *See*

*Maisano v. Arpaio*, No. 4:14-CV-001 (D. Ariz. Feb. 20, 2014) (Injunction Order); *Maisano v. Lewis*, No. 2:92-CV-1026 (D. Ariz. Aug. 11, 1992) (Order and Restraining Order); *see also Maisano v. McNamee*, No. 2:09-CV-2515, 2010 WL 625793, at *1 (D. Ariz. Feb. 18, 2010) (denying plaintiff's *in forma pauperis* application under 28 U.S.C. § 1915(g)).[1]

Under these circumstances, plaintiff may proceed *in forma pauperis* only if he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The Court "assess[es] the alleged danger at the time [plaintiff] filed his complaint," *Mitchell v. Fed. Bureau of Prisons*, 587 F.3d 415, 420 (D.C. Cir. 2009), and in so doing "construe[s] his complaint liberally and accept[s] its allegations as true," *id.* (citing *Ibrahim v. District of Columbia*, 463 F.3d 3, 6 (D.C. Cir. 2006)). None of the complaint's factual allegations demonstrate that plaintiff is in imminent danger of serious physical injury.

The Court will deny the plaintiff's application to proceed *in forma pauperis* and dismiss this civil action without prejudice.

DATE: July 28, 2017

/s/ Tanya Chutkan
United States District Judge

---

[1] The plaintiff has tried to circumvent the terms of the injunction orders in the past. *See Maisano v. Corizon Health Inc.*, No. 2:15-CV-0646, 2015 WL 1888243, at *2 (D. Ariz. Apr. 15, 2015) (noting that plaintiff "engaged in a bad faith attempt to circumvent the 2014 Injunction Order and avoid the requirement that he obtain permission to file his lawsuit" by filing a lawsuit in the Eastern District of Missouri, presumably "because the judiciary there has not been subjected to his abusive litigation practices and therefore, was initially unaware of [p]laintiff, his egregious misconduct, and the Injunction Order"). This court will look upon any future civil action with disfavor as an attempt to avoid the consequences of the injunction orders issued by the United States District Court for the District of Arizona.